IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH MCSORLEY,

       Plaintiff,

  v.

THE HARTFORD and THE LAW OFFICE OF THOMAS O'HAGAN,

       Defendants.
_____/

No. 10-03209 CW

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND AND GRANTING PLAINTIFF'S ALTERNATIVE MOTION FOR LEAVE TO AMEND HER COMPLAINT
(Docket No. 13)

Plaintiff Elizabeth McSorley charges Defendants The Hartford and The Law Office of Thomas O'Hagan with violations of California's Fair Employment and Housing Act (FEHA) and wrongful termination in violation of public policy. Plaintiff moves to remand her action or, in the alternative, for leave to amend her complaint to add non-diverse defendants. The Hartford opposes her motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES without prejudice Plaintiff's motion to remand and GRANTS her alternative motion for leave to amend her complaint.

BACKGROUND

The following allegations are contained in Plaintiff's complaint.

Plaintiff, a California resident, was an employee of Defendants. During her employment, she had a physical disability,

for which Defendants failed to provide an effective accommodation.

In or about March, 2010, she was accused of violating Defendants' "code of conduct" by using her roommate as a vendor for service of process. Compl. ¶ 10. On April 8, 2010, John Crotty, The Hartford's Regional Director of Counsel, terminated Plaintiff's employment. Crotty told Plaintiff that her discharge was based on her violations of company policies. Plaintiff maintains that she followed company policy and that other employees had not been disciplined for similar conduct.

On or about May 26, 2010, Plaintiff filed a charge against Defendants with the California Department of Fair Employment and Housing, alleging disability and gender discrimination and retaliation. She obtained right-to-sue notices the same day.

On June 8, 2010, Plaintiff filed a complaint against Defendants in Alameda County Superior Court, alleging disability and gender discrimination in violation of FEHA and wrongful termination in violation of public policy. On July 20, 2010, Defendants answered Plaintiff's complaint and, concurrently, filed a motion for peremptory disqualification of the state court judge pursuant to California Code of Civil Procedure § 170.6. On July 22, 2010, Defendants removed Plaintiff's action on the basis of diversity jurisdiction.

DISCUSSION

I. Motion to Remand

At any time before judgment, if it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C.

2

§ 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

It is well-settled that, for diversity jurisdiction to lie, each plaintiff must be a citizen of a state different from each defendant. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). An exception to this complete diversity rule applies when a non-diverse defendant has been fraudulently joined. Id. Fraudulent joinder occurs when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). The citizenship of the fraudulently joined defendant may be disregarded for the purposes of diversity jurisdiction. Morris, 236 F.3d at 1067.

A removing defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. Instead, the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992). The defendant seeking removal is entitled to present facts showing that the joinder is fraudulent. Morris, 236 F.3d at 1067. The district

3

court, however, must resolve all disputed questions of fact in favor of the plaintiff. Dodson, 951 F.2d at 42.

Plaintiff asserts that the Court does not have diversity jurisdiction because both she and the O'Hagan Law Office are citizens of California. The Hartford responds that the O'Hagan Law Office was not Plaintiff's employer, it was fraudulently joined and its citizenship should be disregarded.

Generally, plaintiffs may bring claims for discrimination under FEHA and wrongful termination only against their employers. See Reno v. Baird, 18 Cal. 4th 640, 644 (1998) (FEHA); Milosky v. Regents of Univ. of Cal., 44 Cal. 4th 876, 900 (2008) (wrongful termination). To determine whether an individual or an entity is an employer, courts must consider "the 'totality of circumstances.'" Vernon v. State, 116 Cal. App. 4th 114, 124 (2004) (citations omitted). Several factors may be taken into account, including the

> payment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment.

Id. at 125 (citations omitted).

Plaintiff maintains that it is possible that the O'Hagan Law Office could be considered one of her employers and that it could

4

be held liable for her claims under the "dual employer" doctrine. This doctrine provides that employees may be held to have two employers for the purposes of FEHA liability. <u>Mathieu v. Norrell Corp.</u>, 115 Cal. App. 4th 1174, 1183 (2004). This may occur when employees are assigned by their original, or "general," employer to work on the premises of that employer's client, which is deemed to be the "special" employer. <u>Id.</u> Plaintiff maintains that the O'Hagan Law Office was her general employer and that The Hartford was her special employer.

The Hartford, however, presents declarations that demonstrate that it, not the O'Hagan Law Office, was Plaintiff's employer. Thomas O'Hagan, the namesake of the disputed Defendant, states that he is an employee of and is paid by The Hartford; specifically, he states that he serves as the "Managing Attorney of The Hartford's unincorporated Staff Legal Offices." O'Hagan Decl. ¶¶ 1 and 5. He also states that the O'Hagan Law Office is "an unincorporated staff counsel office within The Hartford" and is not, and never has been, a separate legal entity. <u>Id.</u> ¶ 2. He presents stationery for the O'Hagan Law Offices, which states at its bottom, "Not a partnership or corporation -- employees of a Subsidiary of The Hartford Financial Services Group, Inc." <u>Id.</u>, Ex. D. O'Hagan represents that Plaintiff received her paychecks from The Hartford and that she never received paychecks or employment benefits from the O'Hagan Law Office. He also presents letters offering Plaintiff employment as "an employee of The Hartford." <u>Id.</u>, Ex. B. O'Hagan maintains that, when Plaintiff sought job modifications based on her physical limitations, he directed "her to follow The Hartford's

5

formal process" and to complete The Hartford's "Job Modification Request Form." Id. ¶ 11.

Constance Hanson, an administrator for The Hartford, states that she interviewed Plaintiff for employment. Hanson adds that Crotty, who discharged Plaintiff, also authorized Plaintiff's hiring. Hanson represents that, as part of her employment, Plaintiff received training from "The Hartford Corporate University." Hanson Decl. ¶ 9.

Plaintiff does not dispute that she was paid and trained by The Hartford, or that she was interviewed, hired and discharged by The Hartford's employees. That Plaintiff was not paid by the O'Hagan Law Office is "at least strong evidence that an employment relationship did not exist." Vernon, 116 Cal. App. 4th at 126. Instead, to demonstrate that the O'Hagan Law Office could be considered her employer, Plaintiff represents that O'Hagan gave her instructions and represented that he was "in charge" of his law office, McSorley Decl. ¶ 9; that, in referring to work he believed to be substandard, he stated that he was embarrassed to have his "name on a firm that put out this garbage," McSorley Reply Decl., Ex. A; and that she knew of one outside counsel who was reprimanded for billing The Hartford, not the O'Hagan Law Office. She also maintains that Crotty told her that O'Hagan was involved in the decision to discharge her. None of this is inconsistent with O'Hagan's statement that he was an employee of The Hartford who managed its unincorporated staff legal office.

The factual disputes raised by Plaintiff are not material; even if they were resolved in her favor, they would not demonstrate

6

that the O'Hagan Law Office was her employer, let alone that it had a "special employment relationship" with The Hartford that would warrant application of the dual employment doctrine. See <u>Kowalski v. Shell Oil Co.</u>, 23 Cal. 3d 168, 174-177 (1979). Thus, because Plaintiff cannot maintain her FEHA and wrongful termination claims against the O'Hagan Law Office, its presence in this action does not defeat diversity jurisdiction.

Plaintiff alternatively argues that The Hartford waived its right to remove her action by filing a peremptory challenge against the state court judge pursuant to California Code of Civil Procedure section 170.6. Defendants may waive their right to removal by taking actions in state court that demonstrate an "intent to have the matter adjudicated there." <u>Resolution Trust Corp. v. Bayside Developers</u>, 43 F.3d 1230, 1240 (9th Cir. 1994). This waiver "must be clear and unequivocal." <u>Id.</u> (citation omitted). Generally, defendants must take "'some substantial offensive or defensive action in the state court action'" to waive their removal rights. <u>CMS Sec., Inc. v. Burlington Ins. Co.</u>, 2009 WL 2252106, at *2 (N.D. Cal.) (quoting <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244, 1246 (11th Cir. 2004)).

By filing the peremptory challenge, The Hartford did not evince a clear and unequivocal intent to adjudicate this action in state court. This act, on its own, is not the type of substantial action that constitutes waiver.

Accordingly, Plaintiff's action was properly removed from state court. Based on her current complaint and the declarations

proffered by The Hartford, remand is not warranted.

II.  Alternative Motion for Leave to Amend Complaint to Add Non-Diverse Defendants

As an alternative to remand, Plaintiff requests that she be granted leave to amend her complaint to add O'Hagan, in his individual capacity, and Thomas O'Hagan, a professional corporation, (hereinafter, O'Hagan PC) as non-diverse Defendants. She seeks to assert her extant claims against the O'Hagan PC and a claim for defamation against O'Hagan as an individual.[1]  Her proposed defamation claim is based on an allegation that O'Hagan "falsely (and with malice) accused [her] of embezzlement of company funds."  Labar Decl., Ex. C ¶ 10.

According to a document submitted by Plaintiff, the O'Hagan PC was in "suspended" status as of August 6, 2010.  Labar Decl., Ex. B.  O'Hagan represents that he formed the O'Hagan PC in 1992 and suspended it in or around 1995.  See O'Hagan Decl. ¶ 4.  Plaintiff does not plead facts that suggest that the O'Hagan PC was not in suspended status during the period relevant to her complaint, nor does she explain in her papers how a suspended corporation could be held liable on her claims.  Further, Plaintiff directs most of her argument to adding a defamation claim against O'Hagan as an individual Defendant.  Consequently, the Court considers only her proposed defamation claim below.

---

[1] The Hartford appears to understand Plaintiff to assert her FEHA and wrongful termination claims against O'Hagan, as an individual. However, Plaintiff's proposed complaint does not appear to assert these claims against him.  See Labar Decl., Ex. D at 4-5 (stating that Plaintiff's FEHA and wrongful termination claims are "Against Defendants Thomas O'Hagan, a professional corporation, Law Office of Thomas O'Hagan and the Hartford").

8

Under 28 U.S.C. § 1447(e), if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Permitting joinder of non-diverse defendants in a removed action divests a district court of jurisdiction if, as here, diversity is the sole basis for subject matter jurisdiction. Morris, 236 F.3d at 1068 (citing Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1374 (9th Cir. 1980)).

Once a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court. Clinco v. Roberts, 41 F. Supp. 2d 1080, 1086-87 (N.D. Cal. 1999). Therefore, a district court must scrutinize a proposed diversity-destroying amendment to ensure that it is proper; in other words, 28 U.S.C. § 1447(e) applies and the logic and liberal policy of Federal Rule of Civil Procedure 15(a) do not apply. Id.

When a party seeks to join diversity-destroying defendants, courts generally look at six factors. Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (C.D. Cal. 2000); IBC Aviation Svcs., Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006). The six factors are

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the

9

>claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini, 193 F.R.D. at 658.

A. Necessary Party

Federal Rule of Civil Procedure 19 provides that joinder is required of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests. IBC Aviation, 125 F. Supp. 2d at 1011 (citing Fed. R. Civ. P. 19). Such a

>necessary party is one "having an interest in the controversy, and who ought to be made [a] party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." This standard is met when failure to join will lead to separate and redundant actions.

IBC Aviation, 125 F. Supp. 2d at 1011 (citing CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 910, 912 (9th Cir. 1991)).

Whether a party is necessary under Rule 19 is a factor to be considered, but the standard for joinder under 28 U.S.C. § 1447(e) is less restrictive than the standard for joinder under Rule 19. IBC Aviation, 125 F. Supp. 2d at 1011-12 (citing Trotman v. United Parcel Svc., 1996 WL 428333, *1 (N.D. Cal. 1996)). Courts do not allow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief. Id. at 1012.

Plaintiff's claim against O'Hagan is more than tangentially related to her current causes of action because he was her supervisor and his alleged defamatory accusations appear associated with the reasons for her discharge. However, Plaintiff does not

10

dispute that she can obtain complete relief on her FEHA and wrongful termination claims without joinder of O'Hagan.

Accordingly, this factor weighs slightly against Plaintiff.

### B. Statute of Limitations

Plaintiff asserts, and The Hartford does not dispute, that her defamation claim is not barred by the statute of limitations. Because Plaintiff can still timely bring her defamation claim in state court, this factor weighs against her.

### C. Unexplained Delay

Plaintiff filed her complaint in state court on June 8, 2010. The Hartford removed her case to this Court on July 22, 2010. Plaintiff's current motion was filed on August 20, 2010. Plaintiff argues that the motion to amend the complaint was timely because it was made very soon after the notice of removal and, overall, very early in the case. She maintains that she learned only recently "of the full extent" of O'Hagan's defamatory statements. McSorley Decl. ¶ 11. The Hartford does not dispute the timeliness of Plaintiff's proposed amendment.

Plaintiff did not unduly delay her amendment, and she has explained adequately why O'Hagan was not named in the original complaint. Accordingly, this factor weighs in favor of Plaintiff.

### D. Motive

The Hartford argues that Plaintiff could have named O'Hagan in her original complaint and that her sole motive for seeking joinder is to destroy diversity. The Hartford also points to the fact that Plaintiff only moved to amend her complaint as an alternative to remand. Plaintiff reiterates that she initially did not plead her

defamation claim against O'Hagan because she did not have enough information to do so.

The Court is not persuaded that Plaintiff is motivated solely by an improper motive. Accordingly, this factor is neutral and is accorded little weight.

E.  Validity of Claim

To state a claim for defamation, a plaintiff must plead "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal. 4th 683, 720 (2007). "For publication to occur the defamatory matter must be communicated to a third party who understands the defamatory meaning and its applicability to the plaintiff." Neary v. Regents of Univ. of Cal., 185 Cal. App. 3d 1136, 1147 (1986) (citation omitted).

Plaintiff pleads that O'Hagan falsely and maliciously accused her of embezzling company funds. She does not, however, plead in her complaint to whom he asserted this accusation; merely pleading that he stated these words is not sufficient. Thus, in its current form, Plaintiff's defamation claim fails because she has not alleged a non-privileged publication.

Plaintiff's claim, however, is not defective as a matter of law. If Plaintiff can plead facts to satisfy the publication element, this factor would weigh in her favor.

F.  Prejudice

Plaintiff argues that she would be prejudiced if she were precluded from joining O'Hagan because she would be required to

12

litigate two separate actions.  The Hartford does not contend that it would face prejudice if her action were remanded.

Accordingly, this factor weighs in favor of Plaintiff.

G.   Weighing Factors

Plaintiff has failed to plead sufficient facts to state a defamation claim against O'Hagan.  Unless Plaintiff pleads that publication occurred, joinder of O'Hagan is not warranted.

Accordingly, Plaintiff is granted leave to amend her complaint to add O'Hagan as a Defendant, so long as she can truthfully allege that a non-privileged publication took place.  After filing an amended complaint, Plaintiff may again seek remand.

## CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Plaintiff's motion to remand and GRANTS her alternative motion for leave to amend her complaint.  (Docket No. 13.)  Plaintiff is granted leave to add a defamation claim against Thomas O'Hagan, so long as she can allege a non-privileged publication of the disputed statements.  Plaintiff may plead her causes of action under FEHA against O'Hagan as an individual and the O'Hagan PC, provided she addresses the deficiencies identified in The Hartford's motion and this Order.

Within seven days of the date of this Order, Plaintiff may file an amended complaint and a renewed motion to remand based upon it.  If she does so, The Hartford may file its opposition to the motion to remand and a motion to dismiss, in a single brief, fourteen days thereafter.  Plaintiff may file her reply in support of her remand motion and opposition to the motion to dismiss, in a

single brief, seven days after that.  The Hartford may file a reply in support of its motion to dismiss seven days later.  The motions will be taken under submission on the papers.

The Court continues the initial case management conference, scheduled for November 2, 2010, to November 23, 2010.

IT IS SO ORDERED.

Dated: 9/28/2010

CLAUDIA WILKEN
United States District Judge

14