IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH MCSORLEY,

    Plaintiff,

  v.

THE HARTFORD and THOMAS O'HAGAN,

    Defendants.
_____/

No. 10-03209 CW

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

    On August 20, 2010, Plaintiff Elizabeth McSorley filed a motion to remand and an alternative motion for leave to amend her complaint. (Docket No. 13). In an order dated September 28, 2010, the Court denied Plaintiff's motion to remand without prejudice and granted her motion for leave to amend. Plaintiff subsequently filed a first amended complaint (1AC).

    Plaintiff now moves again pursuant to 28 U.S.C. § 1447(c) to remand this action to the Alameda County Superior Court. Defendants The Hartford and Thomas O'Hagan oppose the motion and move to dismiss Plaintiff's third cause of action for defamation per se. The motion was submitted on the papers. Having considered all of the papers filed by the parties, the Court GRANTS

Plaintiff's motion to remand.[1]

## BACKGROUND

This Court will not repeat the background information provided in the September 28, 2010 Order Denying Without Prejudice Plaintiff's Motion to Remand and Granting Plaintiff's Alternative Motion for Leave to Amend Complaint. In that order, the Court held that Plaintiff's action was properly removed from state court due to diversity jurisdiction and that Plaintiff could not maintain claims against The Law Office of Thomas O'Hagan, a previous, non-diverse defendant in the matter. However, the Court granted Plaintiff's alternative request to amend her complaint, finding that joinder of non-diverse defendants was appropriate as long as Plaintiff could plead sufficient facts to allege a defamation claim against them. Facts that are particularly relevant to this motion are as follows:

As in her original complaint, Plaintiff charges The Hartford with violations of California's Fair Employment and Housing Act and wrongful termination in violation of public policy. 1AC ¶ 14-26. However, Plaintiff now joins Thomas O'Hagan, a resident of California,[2] and alleges a new cause of action against him, defamation per se. 1AC ¶ 27-30. Specifically, Plaintiff alleges that O'Hagan falsely accused her of embezzling company funds and

---

[1] Because the matter is remanded to state court, Defendant's motion to dismiss is denied without prejudice.

[2] Plaintiff asserts that O'Hagan is a resident of California in her motion to remand, but does not allege this fact in her 1AC. Defendants, however, do not dispute that he is a non-diverse defendant.

2

filing a fraudulent workers' compensation claim against The Hartford.  1AC ¶ 11.  O'Hagan orally communicated these accusations to Connie Hanson, Maureen Navarra, John Crotty, and Alice Chin, all of whom are employees or former employees of The Hartford.  Id.  As a result of O'Hagan's conduct, Plaintiff claims to suffer general damages to her reputation.  1AC ¶ 29.  Plaintiff is a resident of Dublin, California.  1AC ¶ 2.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded.  On a motion to remand, the scope of the removal statute must be strictly construed.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.  Courts should resolve doubts as to removability in favor of remanding the case to state court.  Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing

3

1 parties.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-
2 74 (1978).

## DISCUSSION

Plaintiff argues that the action should be remanded to state court because she and O'Hagan are California residents and, thus, there is no diversity of citizenship.  Defendants argue that removal is improper because Plaintiff's single claim of defamation against O'Hagan lacks merit and, therefore, his joinder is fraudulent.

Under California law, defamation requires (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.  Taus v. Loftus, 40 Cal. 4th 683, 720 (2007).  The publication may be written, oral or recorded.  Rothman v. Jackson, 49 Cal. App. 4th 1134, 1140 (1996).  "For publication to occur the defamatory matter must be communicated to a third party who understands the defamatory meaning and its applicability to the plaintiff."  Neary v. Regents of Univ. of Cal., 185 Cal. App. 3d 1136, 1147 (1986) (citation omitted).

To make a showing of fraudulent joinder, Defendants "must demonstrate that there is no possibility" that Plaintiff will be able to establish a cause of action in state court again O'Hagan.  Lantz v. DaimlerChrysler Corp., 2005 WL 1629937, at *1 (N.D. Cal.).  There is a general presumption against finding fraudulent joinder, and Defendants carry "a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 1141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

4

In rejecting Plaintiff's previous motion to remand, the Court held that her defamation claim was defective because she failed to plead facts to satisfy the publication element of the cause of action. In her 1AC, Plaintiff now alleges that O'Hagan made oral publications of false and defamatory statements to other employees of The Hartford, and names the parties to whom the communications were made.[3] 1AC ¶ 11. Therefore, on its face, Plaintiff's 1AC properly pleads a cause of action for defamation against O'Hagan.

Defendants submit declarations by Hanson, Navarra, Crotty, Chin, and a legal secretary named Marilyn Tennant, in which they deny that O'Hagan made false accusations about Plaintiff to them. Further, Defendants argue that Plaintiff's declaration in reply consists of hearsay testimony and is inconsistent with a statement she made in a previous declaration. Although Defendants may be correct that the declarations of their witnesses make it unlikely that Plaintiff will prevail on her claim, it cannot be said that Plaintiff cannot possibly recover against O'Hagan. Whether O'Hagan made defamatory statements regarding Plaintiff is a disputed question of fact. In determining whether there is fraudulent joinder, the Court must resolve all disputed questions of fact in Plaintiff's favor. Plute, 141 F. Supp. 2d, at 1008. Therefore, O'Hagan is not fraudulently joined.

//
//

---

[3] Although Plaintiff does not allege that the publication was unprivileged, she does not need to do so because the existence of privilege is an affirmative defense. Palmer v. Zaklama, 109 Cal. App. 4th, 1367, 1380 (2003).

5

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. (Docket No. 22). The Clerk shall remand Plaintiff's case to Alameda County Superior Court. Because the Court grants Plaintiff's motion to remand, it lacks jurisdiction to decide Defendant's motion to dismiss and the motion is denied without prejudice. (Docket No. 23).

IT IS SO ORDERED.

Dated: 11/23/2010



CLAUDIA WILKEN
United States District Judge